## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STACY GRAFF BAEHMANN, as Administratrix of the Estate of ZACHARY GRAFF, deceased,** <br> **Plaintiff,** <br><br> **v.** <br><br> **ARAMARK CORPORATION, ARAMARK, ARAMARK MANAGEMENT SERVICES LP, ARAMARK SMMS LLC, ARAMARK ENTERPRISES, ARAMARK FACILITY SERVICES, ARAMARK FACILITY SERVICES, INC., ARAMARK FHC, LLC, ARAMARK GLOBAL GROUP, LLC, ARAMARK HEALTHCARE SUPPORT SERVICES INC., ARAMARK HOLDINGS CORPORATION, ARAMARK GLOBAL, and ARAMARK SERVICE INDUSTRIES CHINA CO., LTD,** <br> **Defendants.** | **CIVIL ACTION** <br><br><br><br> **NO.  25-2758** |

## NOTICE & ORDER

**AND NOW**, this 20th day of March, 2026, upon consideration of Defendants' Motion to

Dismiss (ECF No. 12), **IT IS HEREBY ORDERED** that:

1. Plaintiff shall have until **May 8, 2026**, to conduct jurisdictional discovery.

2. An evidentiary hearing shall be held on **May 15, 2026, at 10:00 AM** in Courtroom 10-A, United States Courthouse, 601 Market Street, Philadelphia, PA 19106 to resolve whether the Court has personal jurisdiction over Defendant Aramark Service Industries China Co, Ltd.[1]

---

[1] Defendant Aramark Service Industries China Co, Ltd. ("Aramark China") has moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Having done so, Plaintiff now has the burden of establishing the Court's personal jurisdiction over Aramark China.  *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) ("Once challenged, the plaintiff bears the burden of establishing personal jurisdiction.").

3. Based on the evidence presented at the hearing, Plaintiff shall submit proposed findings of fact and conclusions of law by **May 22, 2026**.

**BY THE COURT:**

*S/* **WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

---

Plaintiff argues she has established a "'prima facie case of personal jurisdiction.'" *Id.* (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)). The Motion could be resolved under that standard, but the Court has "considerable procedural leeway in choosing a methodology for deciding the [M]otion." 5B Wright & Miller's Federal Practice & Procedure § 1351 (4th ed.). In this case, rather than analyzing Plaintiff's prima facie case, the Court will instead grant Plaintiff's request to conduct jurisdictional discovery and then hold an evidentiary hearing.

To start, Plaintiff ought to have the opportunity to develop facts bearing on jurisdiction. Her claim of jurisdiction is not "'clearly frivolous'" insofar as she alleges that Aramark China's relationship with its global parent company gives rise to sufficient minimum contacts with Pennsylvania. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (quoting *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)). The Third Circuit has advised that jurisdictional discovery is "particularly appropriate where the defendant is a corporation." *Id.* A hearing will be the most efficient vehicle to evaluate the jurisdictional evidence.

Moreover, a prima facie analysis would simply defer the jurisdictional issue to a later date. Eventually, Plaintiff would have to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction. *See Cartaret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Given the importance of Aramark China to this suit, an early and conclusive determination about jurisdiction will best serve the interests of both parties.

2